J. S40005/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WILLIAM GEORGE THOMPSON A/K/A | : | No. 467 WDA 2014 |
| WILLIAM THOMPSON, | : | |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 17, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0002610-2002

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED SEPTEMBER 21, 2015**

William George Thompson appeals, ***pro se***, from the order of January 17, 2014, dismissing his PCRA[1] petition without a hearing on the basis of untimeliness.  After careful review, we affirm.

The PCRA court has summarized the procedural history[2] of this matter as follows:

> On September 16, 2005, [appellant] was convicted by a jury of three counts of criminal homicide, one count of aggravated assault, five

---

* Retired Senior Judge assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] The underlying facts of this matter, which are extensive, are not germane to the instant PCRA appeal; therefore, they have been omitted.  The facts are set forth at length in the trial court's opinion of January 15, 2010, pages 8-28.

counts of recklessly endangering another person, one count of possession of a firearm without a license and one count of criminal conspiracy. On December 12, 2005, [appellant] was sentenced to three consecutive life sentences to be followed [by] a sentence of ten to twenty years for his conviction of aggravated assault; five sentences of one to two years for his convictions of recklessly endangering another person which were to run consecutive to his other sentences; another consecutive sentence of three and one-half to seven years for his conviction of possession of a firearm without a license; and a final sentence of ten to twenty years for his conviction of criminal conspiracy. [Appellant] filed an appeal to the Superior Court and this Court filed an eighty-six page Opinion resolving the claims of error asserted by [appellant] and his co-defendant in their respective appeals. On February 22, 2012, the Superior Court affirmed the judgment of sentence imposed upon him based on this Court's Opinion filed on January 1[5], 2010. [Appellant] filed the instant petition for post-conviction relief on May 13, 2013, which was more than one year after his judgment of sentence had become final.

PCRA court opinion, 1/22/15 at 2-3.

As stated above, this court affirmed appellant's judgment of sentence on February 22, 2012. *Commonwealth v. Thompson*, No. 378 WDA 2006 unpublished memorandum (Pa.Super. filed February 22, 2012). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. On May 13, 2013, appellant filed a *pro se* PCRA petition, requesting that his right to file a petition for allowance of appeal be reinstated *nunc pro tunc*. According to appellant, his trial attorney, Patrick Nightingale, Esq., failed to file a requested petition for allowance of appeal. Charles R. Pass, III, Esq., was appointed to represent appellant for

PCRA purposes. On August 29, 2013, Attorney Pass filed a petition for leave to withdraw and accompanying **Turner**/**Finley** "no merit" brief.[3] On September 6, 2013, the PCRA court issued Rule 907[4] notice of its intention to dismiss appellant's petition without a hearing and granted Attorney Pass permission to withdraw. Appellant was given 30 days in which to file a response.

On September 12, 2013, appellant filed a petition for post-conviction DNA testing, alleging that DNA testing on a pair of black Nike sneakers introduced at trial would establish that they were not his, thereby exonerating him. On October 7, 2013, appellant filed a **pro se** response to Rule 907 notice. On January 17, 2014, the PCRA court dismissed appellant's petition for post-conviction relief. On February 18, 2014, appellant filed a timely notice of appeal.[5] Appellant complied with Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the PCRA court has filed an opinion.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[4] Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A.

[5] Monday, February 17, 2014, was Presidents' Day, a legal holiday. Therefore, appellant's notice of appeal had to be filed by Tuesday, February 18, 2014. **See** Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken); 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday). Appellant's appeal notice was not docketed until February 25, 2014. (Docket #161.) However, in response to a rule to show cause issued by this court, appellant stated that he placed his notice of appeal in the prison's outgoing mailbox on February 14, 2014. **See Commonwealth v. Jones**, 700 A.2d

Appellant has raised the following issue for this court's review:

> Whether the court erred by denying PCRA Petition alleging counsel is ineffective for failing to file an ALLOWANCE OF APPEAL to the Supreme Court after Superior Court affirmed lower Court's decision. Then 5 to 6 months before the dead-line (3/26/13), counselor forwards defendant a letter stating that he no longer represents him, file a PCRA Petition, and claim ineffective assistance of counsel. As *pro se* appellant state[s], the facts will be discussed in this matter to prove a deliberate indifference by the PCRA Court which prejudiced appellant in not being heard.

Appellant's brief at 4.

> Appellant's petition was filed after the effective date of the 1995 amendments to the PCRA; therefore, the jurisdictional time limits established by those amendments govern this case. ***Commonwealth v. Fahy***, 558 Pa. 313, 737 A.2d 214, 217-18 (1999). A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1).[Footnote 2] ***Commonwealth v. Howard***, 567 Pa. 481, 788 A.2d 351, 354 (2002). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3); ***Howard***, at 353. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. ***Commonwealth v. Abu-Jamal***, 574

---

423, 426 (Pa. 1997) (an appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox). We also note that the envelope in which appellant's notice of appeal was mailed bears a postmark of February 18, 2014. Therefore, we consider the appeal to be timely filed.

Pa. 724, 833 A.2d 719, 723-24 (2003); *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000). The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. *Murray*, at 203. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. *See Commonwealth v. Bronshtein*, 561 Pa. 611, 752 A.2d 868, 871 (2002) ("[I]t is the petitioner's burden to plead and prove that one of the exceptions applies [.]"). The PCRA further requires a petition invoking one of these exceptions to "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). On appeal from the denial of PCRA relief, this Court decides "whether the findings of the PCRA court are supported by the record and free of legal error." *Abu-Jamal*, at 723.

> [Footnote 2] These exceptions are: "(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012).

Instantly, appellant's judgment of sentence became final on Friday, March 23, 2012, when the time for filing a direct appeal expired. *See*

*Commonwealth v. Hutchins*, 760 A.2d 50, 54 (Pa.Super. 2000) (appellant's judgment of sentence became final after the expiration of the 30-day period in which appellant was allowed to seek further review in our supreme court); 42 Pa.C.S.A. § 9545(b)(3). Therefore, appellant had until March 23, 2013, to file a timely PCRA petition. Appellant's petition, filed May 13, 2013, is untimely.

Appellant does not plead any exception to the PCRA's jurisdictional one-year time bar. Appellant alleges that he suffers from a learning disability and his jailhouse lawyer was sent to the restricted housing unit ("RHU") for an infraction. (Appellant's brief at 7.) However, it is well settled that there is no generalized equitable exception to the PCRA's time requirements. *Commonwealth v. Brown*, 943 A.2d 264, 267 (Pa. 2008). Furthermore, appellant knew an *allocatur* petition had not been filed on his behalf at least as early as November 9, 2012, when he filed a "petition for relief" with this court alleging that:

> 4. Court appointed counsel was requested by this petitioner to file a notice for allowance of appeal to the Pennsylvania Supreme Court on 2-24-12.
>
> 5. Court appointed counsel did <u>NOT</u> file the notice for appeal to the Pennsylvania Supreme Court as requested as requested [sic] by this petitioner.

*See Turner*/*Finley* letter, 8/29/13, appendix at A36 (emphasis in original). Appellant's petition was denied as there was no appeal pending before this

court and we lacked jurisdiction. (**Id.** at A41.) Therefore, appellant knew several months prior to the PCRA filing deadline that trial counsel failed to file the requested petition for allowance of appeal. Yet, he waited until May 2013 to file a post-conviction petition alleging trial counsel's ineffectiveness. **Cf. Commonwealth v. Williamson**, 21 A.3d 236, 242 (Pa.Super. 2011) (counsel's failure to file a timely petition for allowance of appeal could be considered a newly-discovered fact for purposes of Section 9545(b)(1)(ii), but a petitioner invoking Section 9545(b)(1)(ii) must still comply with Section 9545(b)(2) by presenting the claim within 60 days of discovering the new fact), discussing **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007) (counsel's failure to perfect appellant's appeal constituted abandonment by counsel and could serve as a newly discovered fact for purposes of Section 9545(b)(1)(ii)). As appellant's petition was untimely, the PCRA court correctly concluded that it lacked jurisdiction to consider it, as does this court. **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa.Super. 2002) (PCRA court lacks jurisdiction to hear an untimely petition); **Bennett**, **supra** (PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition); **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa.Super. 2002) (Superior Court lacks jurisdiction to reach the merits of an appeal from an untimely PCRA petition).

Turning briefly to appellant's petition for DNA testing, it appears that the petition is still pending in the court below. From our review of the record, the PCRA court has not disposed of appellant's post-conviction petition for DNA testing filed pursuant to 42 Pa.C.S.A. § 9543.1. Therefore, we will not address appellant's arguments in this regard.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2015